UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LARRY W. PREWITT, SR., | § | No. SA: 12-CV-582-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| CONTINENTAL AUTOMOTIVE, | § | |
| | § | |
| Defendant. | § | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND STRIKING PLAINTIFF'S SUR-REPLY

On February 28, 2014, Defendant Continental Automotive Systems US, Inc., ("Continental" or "Defendant") filed a motion entitled "Motion for Reconsideration of the Order Denying Summary Judgment" (the "Motion") (Dkt. # 48).  Although styled as a motion for reconsideration, after review, the Court finds that the Motion should be treated as a second motion for summary judgment.  Pursuant to Local Rule 7(h), the Court finds that this motion is suitable for disposition without a hearing; each side argued these issues during the February 4, 2014 hearing.  After careful consideration of the arguments in the supporting and opposing memoranda, the Court **GRANTS** Defendant's Motion.

1

## BACKGROUND

Because the facts leading to this lawsuit have already been discussed at length in the Court's previous order (Dkt. # 47), the Court will only discuss the relevant developments since the February hearing.

On February 21, 2014, the Court granted partial summary judgment in favor of the Defendants. (Dkt. # 47.) Plaintiff's only remaining claim was for retaliation. (Id. at 9.) In the order, the Court found that Plaintiff had raised a genuine issue of material fact as to whether he had received approval from his supervisor for one of the ten attendance events that led to his termination and as to the accuracy of Defendant's timekeeping system. (Id. at 17–19.)

## LEGAL STANDARD

A court must grant summary judgment when the evidence demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

In seeking summary judgment, the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the burden then shifts to the non-moving party "to go beyond the pleadings and by [his or her] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for

trial." Id. at 324 (internal quotation marks omitted).  The non-moving party "must, either by opposing evidentiary documents or by referring to evidentiary documents already in the record, set out specific facts showing a genuine issue as to a material fact exists." Leghart v. Hauk, 25 F. Supp. 2d 748, 751(1998).  "[Non-movants] are required to identify the specific evidence in the record and to articulate the precise manner in which that evidence supports their claim." Id.  "Rule 56 does not require the district court to sift through the record in search of evidence to support a [non-movant's] opposition to summary judgment." Id.

The Court evaluates the evidence in the light most favorable to the non-moving party. Lemelle v. Universal Mfg. Corp., 18 F.3d 1268, 1272 (5th Cir. 1994).  The Court "examines the pleadings, affidavits, and other evidence introduced in the motion, resolves any factual doubts in favor of the non-movant, and determines whether a triable issue of fact exists." Leghart, 25 F.Supp. 2d at 751.  However, if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the Court must grant summary judgment against that party. Celotex, 477 U.S. at 322.

DISCUSSION

I.   Objections to Defendant's Summary Judgment Evidence

As a preliminary matter, the Court will address Plaintiff's objections to the two declarations Defendant provides in support of its Motion. Plaintiff argues that the Court should not consider the declarations of William Garcia ("Garica") and John Taylor ("Taylor"). (Dkt. # 49.) Plaintiff argues that the Court should not consider these declarations because these two individuals are managers employed by Defendant and are therefore interested witnesses. (Id.) Additionally, Plaintiff argues that because his own affidavit contradicts the statements made by these two individuals, the Court should strike the Taylor and Garcia affidavits. (Id.) Further, Plaintiff argues that because there are contradictions between his and Taylor and Garcia's affidavits, that fact is enough to defeat summary judgment.

The Fifth Circuit makes clear that a court is not required to disregard a manager's testimony as interested witness testimony because the manager is involved in an employment decision. Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 898 (5th Cir. 2002). "The definition of an interested witness cannot be so broad as to require us to disregard testimony from a company's agents regarding the company's reasons for discharging the employee." Id. Similarly, the mere fact that the Taylor and Garcia affidavits may differ from Plaintiff's is not a valid reason to refuse to consider them as summary judgment evidence. Farbwerke

4

Hoeschst A.G. v. M/V "Don Nicky", 589 F.2d 795, 798 (5th Cir. 1979). However, as noted above, if the conflicting affidavits raise a genuine issue of material fact, the Court may not grant summary judgment. Id.

The Court finds that it may properly consider both the Taylor and Garcia Declarations in its evaluation of Defendant's Motion and **OVERRULES** Plaintiff's Objections.

II.   Motion for Summary Judgment

Defendant argues that summary judgment should be granted on Plaintiff's remaining claim because it has provided evidence, which Plaintiff has not refuted, that each of the ten attendance events was valid and that there were no relevant errors in its timekeeping system. (Dkt. # 48.)

As discussed in the prior order, a court applies the analysis from McDonnell Douglass Corp. v. Green, 411 U.S. 792, 802–04 (1973), to retaliation claims. Kanida v. Gulf Coast Medical Personnel LP, 363 F.3d 568, 575 (5th Cir. 2004). Under the McDonnell analysis a plaintiff must first establish a prima facie case of retaliation by establishing "(1) that the employee engaged in a protected activity; (2) that an adverse employment action followed the protected activity; and (3) that there was a causal connection between that adverse action and the protected activity." Galvan v. Caviness Packing Co., Inc., 546 F.Supp. 2d 371, 379 (N.D. Tex. 2008). If a plaintiff establishes a prima facie case, the burden then

shifts to the defendant "to rebut the presumption of retaliation by articulating a legitimate, non-retaliatory reason for its decision to terminate the plaintiff." Martinez v. Bohls Bearing Equip. Co., 361 F.Supp. 2d 608, 617 (W.D. Tex. 2005).

If a defendant meets its burden, "Plaintiff must then produce evidence that the proffered reason for discharge is merely a pretext, and that the real reason for [Plaintiff's] termination is an illegal retaliatory animus." Id. (citing Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 255 n.10 (1981)). A plaintiff is then held to a high standard; "a plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2534 (2013).

The Fifth Circuit has "consistently held that in retaliation cases where the defendant has proffered a nondiscriminatory purpose for the adverse employment action the plaintiff has the burden of proving that 'but for' the discriminatory purpose he would not have been terminated." Septimus v. Univ. of Hous., 399 F.3d 601, 608 (5th Cir. 2005); see Hernandez v. Yellow Transp., Inc., 670 F.3d 644 (5th Cir. 2012). Therefore, to show a defendant's reasons were pretext for unlawful retaliation, a plaintiff must show that but for the protected activity, the adverse employment action would not have occurred. Gollas v. Univ. of Tex. Health Science Ctr. at Hous., 425 F. App'x. 318, 321–22, 324 (5th Cir.

2011) (noting that "but for" causation requires a showing that the protected activity was the "sole motivating factor for the adverse employment action").

To survive summary judgment, a plaintiff must show a "conflict in substantial evidence on the ultimate issue of retaliation." Gollas, 425 F. App'x. at 322 (citing Sherrod v. Am. Airlines, Inc., 132 F.3d 1112, 1122 (5th Cir. 1998)). Evidence is substantial if "it is of such quality and weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions." Id.  In this case, to create a genuine issue of fact that Defendant's reasons are pretext for retaliation, Plaintiff must put forth sufficient evidence to raise a genuine issue of material fact as to whether he would not have been terminated but for his filing of charges with the EEOC. See Strong v. Univ. Healthcare Sys., L.L.C., 482 F.3d 802, 806 (5th Cir. 2007).

As discussed in this Court's previous order, Plaintiff established a prima facie case for retaliation.  (Dkt. # 47 at 13–14.)  Similarly, Defendant provided a non-discriminatory reason for terminating Plaintiff.  (Id. at 14.) Defendant stated that Plaintiff was terminated because he violated its Attendance Policy.  In support of this assertion, Defendant originally proffered a copy of its Attendance Policy, a declaration from a Human Resources Specialist detailing Plaintiff's infractions, documentation of Plaintiff's absences, its Disciplinary Policy, documentation of the disciplinary actions taken against Plaintiff, and

excerpts from Plaintiff's deposition. (Id.) In the present motion, Defendant has also submitted the declarations of John Taylor ("Taylor") , William Garcia, and Plaintiff. (Dkt. # 48 Exs. 3, 4, 5.) Defendant asserts that these new pieces of evidence demonstrate that its reason for terminating Plaintiff was not pretextual, and because Plaintiff cannot raise a genuine issue of material fact, it is entitled to summary judgment.

I. <u>Plaintiff's Claim that Certain Absences Forming the Basis of His Termination Should Not Have Been Counted Against Him</u>

In the prior order, the Court found there was a genuine issue of material fact as to whether Plaintiff had actually incurred ten attendance events. In reaching this conclusion, the Court relied on Plaintiff's statement in his declaration that his supervisor, John Taylor, approved Plaintiff's request to leave early in August 2011, and therefore that attendance event should not count against him. (Dkt. # 47 at 17.) In Plaintiff's affidavit[1], on which the Court based its earlier order, Plaintiff averred that "on a couple of occasions, specifically the August incident, [he] had actually been told by my supervisor, John Taylor, that I had been cleared to leave early. . . .[S]ince I got approval from my supervisor, John Taylor, my early departure from work should not have resulted in an 'event.'" (Dkt. # 41 Ex. A. at 6.)

---

[1] Plaintiff's affidavit was filed as an exhibit to Plaintiff's response to Defendant's first motion for summary judgment. (Dkt. # 41 Ex. A.)

In the instant motion, Defendant submitted the declaration of John Taylor who averred that

> No supervisor or manager has the authority to override Continental's attendance policy.  For example, if an employee arrives late or leaves early without providing at least 24 hour notice, this would be counted as an unplanned attendance event per the Attendance Policy that a supervisor or manager could not change.

("Taylor Decl.," Dkt. # 48-3 ¶ 4.)  Additionally, Taylor maintained that Plaintiff never incurred an attendance event in August for leaving early.  (Id. ¶ 6.)  Rather, Plaintiff's sole attendance event in August 2011 occurred when he was fifty minutes late to work.  (Id. ¶ 5–6.)

When Defendant raised this inconsistency in the instant Motion, Plaintiff responded by filing a second affidavit in which he states the attendance event for which he received approval from Taylor was the July 20, 2011 event. (Dkt. # 49 Ex. A at 1.)  Plaintiff now avers

> Having tried to remember, I knew [the attendance event] had occurred very close to the time that I had been terminated and therefore I thought it was the August incident.  After closer inspection and further recollection, I now realize that it occurred two weeks before my termination in late July 2011.  On July 20, 2011, I had asked John Taylor early in the morning if I could leave early.  After having been given permission, I left for the day shortly after 11:00am.

(Id.)

Defendant has proffered the testimony of Taylor that supervisors are not permitted to override the Attendance Policy, and Plaintiff has provided no evidence to counter this assertion. (Taylor Decl. ¶ 4.)

Additionally, even if Plaintiff had received approval for an absence from work, he has provided no competent summary judgment evidence that one of the ten absences supporting his termination was an absence for which he would be exempt from the Attendance Policy. First, Plaintiff has provided conflicting affidavits: he first avers that it was in August that he received approval, and subsequently he claims it was a mistake in memory, and it must have been the July absence. Earlier in his deposition, Plaintiff testified, "I know one day I left early and I went to my boss and asked him 'Do I have PTO to cover this? If not, I'll stay,' and he said, 'No, you've got it covered, go ahead and leave,' and I think that's the event that led up to me being terminated. . . ." (Dkt. # 48-1 160:21–25.) When taken together, Plaintiff does not present any competent evidence of on what date this alleged "approved absence" occurred. His mere conjecture that this "approved absence" may have been one of the attendance events for which he was terminated is not enough to demonstrate that Defendant's reasons for terminating him were pretextual. Therefore, Plaintiff's claim cannot survive summary judgment.

II.  Plaintiff's Claim that Defendant's Time-Keeping System is Flawed

In the previous order, the Court denied summary judgment because Plaintiff alleged that Defendant's time-keeping system was flawed and therefore may have erroneously attributed an attendance event to Plaintiff when he was, in fact, at work. (Dkt. # 47.) Defendant now argues that it has presented competent evidence that its timekeeping system was not flawed and any occasional errors were rectified. (Dkt. # 48 at 9.) Taylor's Declaration states that he personally verified each of the ten attendance events used to terminate Plaintiff. (Taylor Decl. ¶ 5.) Additionally, Defendant proffers Plaintiff's deposition in which he testified that on the few times he found errors in the recording of his time, the supervisors would go in and manually enter the information so that it was correct. (Dkt. # 48-1 168:10–25.) Plaintiff's testimony continued:

> Q.  So on those occasions [when there were mistakes in the time-keeping system] you weren't cheated of the time, correct? You received pay for that time?
> A.  I believe I did, yes, sir. And that may be one – one reason I found out, I got my paycheck and maybe I was short and they had to do it as the next week, I'm not sure you know."

(Id. 169:1–7.)

In response, Plaintiff argues that because there were times when there were errors in the time-keeping system, that it was a flawed system, that there is an issue of fact as to whether the system was flawed, and that this demonstrates that Defendants reason for terminating him was pretext. (Dkt. # 49 at 4.) In support,

11

Plaintiff submitted excerpts from his deposition and emails between him and the human resources department regarding errors in the time-keeping system.

Plaintiff's emails with the human resources department state that the time-keeping system was in error regarding the hours he worked on July 2, 2007, July 3, 2007, December 22, 2007, July 2008, November 2008, and May 15, 2010. (Dkt. # 49 Ex. B.)

For a number of reasons, these emails do not support Plaintiff's case. First, none of these errors was used as the basis for an attendance event that formed the basis of Plaintiff's termination. Second, none of these errors are relevant even to the timeframe at issue in this suit: January–August 2011. (See Taylor Decl. ¶ 5.) Third, these emails demonstrate that when Plaintiff believed his hours had been recorded in error, he raised the issue with Defendant.

At this juncture, the issue is whether those ten incidents upon which Defendant based Plaintiff's termination were accurate—not whether the time-keeping system ever incurred errors. Plaintiff has not presented a shred of competent evidence that any of the ten events used as the basis for his termination were entered into the time-keeping system in error.

Therefore, because Plaintiff has not met his burden of demonstrating his termination was based on pretext, the Court grants summary judgment on Plaintiff's claim for retaliation.

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's Motion for Summary Judgment (Dkt. # 48).

    IT IS SO ORDERED.

    DATED:  August 28, 2014, San Antonio, Texas.

_____
David Alan Ezra
Senior United States Distict Judge