UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| LARRY W. PREWITT, SR., § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | |
| § No. SA: 12-CV-582-DAE | |
| CONTINENTAL AUTOMOTIVE, § | |
| § | |
| Defendant. § | |

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Larry W. Prewitt filed suit against Defendant Continental Automotive alleging violations of the Texas Labor Code, Title VII, and the Americans with Disabilities Act ("ADA"). On February 21, 2014, the Court granted Defendant's Motion for Summary Judgment in part. (Dkt. # 47.) On August 28, 2014, the Court granted Defendant's Motion for Summary Judgment on Plaintiff's remaining claims. (Dkt. # 54.) On September 18, 2014, Plaintiff filed a Motion for a New Trial on the basis of newly discovered evidence. However, because Plaintiff never had a trial, a motion for a new trial is an inappropriate vehicle to challenge this Court's ruling. Therefore, because Plaintiff is entitled to leeway due to his pro se status, the Court construes his filing as a motion for reconsideration of this Court's final grant of Summary Judgment (Dkt. # 54).

1

The Court has fully explored the relevant facts in its previous orders and will not reiterate them here.

## LEGAL STANDARD

While the Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration," such a motion is usually construed as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from a final judgment or order. Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004).

To succeed on a motion to alter or amend a judgment pursuant to Rule 59(e), a party "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010) (internal quotation marks omitted). The motion "cannot be used to raise arguments which could and should have been made before the judgment issues." Id.

A motion pursuant to Rule 60(b) for relief from a final judgment or order must be filed "within a reasonable period of time," and, when the motion is based on certain grounds, "no more than a year after the entry of judgment." Fed. R. Civ. P. 60(b). Rule 60(b) sets out six grounds for granting relief from a final judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been

2

>discovered in time to move for a new trial under rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from operation of the judgment.

Fed. R. Civ. P. 60(b). Relief under Rule 60(b)(6) is granted only when "extraordinary circumstances" not covered by the five enumerated grounds are present. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995). "The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991).

## DISCUSSION

Plaintiff here has moved for reconsideration of this Court's orders granting summary judgment to Defendant. (Dkt. # 58.) In support, Plaintiff has attached emails detailing communications regarding his absences from work, claiming these are new evidence that would alter this Court's previous judgments. (Id.)

After reviewing Plaintiff's proffered evidence, the Court finds no grounds to disturb its previous judgment. Plaintiff's evidence consists merely of a re-urging of his previous evidence and argument. Resubmission of previously considered claims and evidence is not the purpose of motions under Rule 59(e) or

Rule 60. The Court has already considered Plaintiff's claims and rejected them. Plaintiff has not met the burden required to justify an amendment to this Court's previous orders.

## CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff's Motion for Reconsideration. (Dkt. # 58.)

IT IS SO ORDERED.

DATED: San Antonio, Texas, November 25, 2014.

_____
David Alan Ezra
Senior United States Distict Judge